**Luis Franco RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42823.**

Court of Criminal Appeals of Texas.

March 25, 1970.

---

Murray J. Howze, Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is burglary; the punishment, three years. ·

This case was tried before the court on a plea of not guilty, the appellant having waived a jury.

The appellant was represented by counsel of his choice at the arraignment, during the trial, at the time sentence was pronounced, and when he gave notice of appeal.

The appellant challenges the sufficiency of the evidence. The state's testimony reveals the following:

Lucy Dominguez, manager of the Blue Moon Cafe in Pecos, Texas closed the cafe at 11:45 p. m., on August 29, 1968. At that time the doors were shut, and the windows were not broken.

Deputy Sheriff Phelps was informed of a burglary at the Blue Moon Bar, and he went to the scene of the burglary. Upon arrival he noticed that the front door was open, two windows were broken and some tin had been pried loose from a rear door of the building. On the window at the front of the building there were blood stains. Phelps searched for latent fingerprints, and from some broken glass from the cigarette machine on the inside of the building he lifted and developed some fingerprints.

It was shown that the fingerprints lifted from the glass of the cigarette machine inside the building were identical with the known prints of the appellant.

The testimony of Stacy Bratcher, the owner of the Blue Moon, reflects that on August 29, 1968 he was called by police who told him that his place had been broken into. When he arrived at the scene, Deputy Sheriff Phelps was at the scene taking fingerprints. Bratcher found that the cigarette machine was broken into with the money and cigarettes gone out of it, the air conditioner torn down, and two broken windows with fresh blood on the wall, floor, and sidewalk under one window. Bratcher further testified that before that day he did not have any broken windows, and the doors and windows were closed, and he did not give anyone consent or permission to forcibly enter his building.·

Deputy Sheriff Chisum testified that on September 24, 1968, he took a statement from the appellant. Prior to taking the statement, Chisum took the appellant before a justice of the peace who warned him of his rights after which the appellant continued to persist in making a statement. After the statement was reduced to writing, the magistrate again advised him of his rights as did Chisum. The appellant's statement and the certificate of the magistrate setting out the warnings that were given the appellant were introduced in evidence as State's Exhibits Numbers Five and Six.

The appellant did not contend that the statement was involuntarily made, and no objection was made to its admission in evidence.

Omitting the formal parts, the appellant's statement reads as follows:

"My name is Luis Franco Rodriguez. I live at 2nd & Orange, Pecos, Texas. I don't remember the date, but it was about 5 or 6 weeks ago that Senovia Rayos and myself was drinking beer and we ran out of money so we decided to break into the Blue Moon Drive Inn.

This was at night time and we tried to get in where the air conditioner was but it was pretty hard so we went to the front of the building and found the door unlocked. We went in and broke into the cigarette machine and got all the money and some cigarettes. There was about $15.00 in the machine so me and Senovia divided it. We also took two cases of beer. We had already come out of the building when we discovered that we had left the money inside the place so we had to break out a window to get back in to get the money. I wish to state that everything I said in this statement is true and correct. I did cut my hand when we broke out the window glass."

The appellant did not testify or introduce any evidence in his behalf.

The evidence is sufficient to sustain the conviction.

The judgment is affirmed.